UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARTHUR BORNSTEIN,

        Plaintiff,

   v.

MCMASTER-CARR SUPPLY COMPANY,

        Defendant.

Case No. 23–cv–02849–ESK–EAP

OPINION AND ORDER

**KIEL, U.S.D.J.**

    **THIS MATTER** having come before the Court on plaintiff Arthur Bornstein's fourth application to proceed *in forma pauperis* (Fourth Application) (ECF Nos. 40, 41); and the Court finding,

    1.    The Court has denied plaintiff's three prior application to proceed *in forma pauperis* (IFP). (*See* ECF Nos. 9, 10, 34, 37.) Since the Court denied the third IFP application, plaintiff filed four letters seeking IFP status. (ECF Nos. 39–41.) In the third letter, filed on September 9, plaintiff asked the Court to disregard the prior two letters. (ECF No. 40.) In the last of the four letters, plaintiff summarized his previous arguments. (ECF No. 41.) I will consider the latter two letters to be plaintiff's fourth application to proceed IFP.[1] (ECF Nos. 40, 41.)

    2.    In the fourth application, plaintiff does not raise any new facts regarding his current financial status. Instead, plaintiff argues that the Court should consider plaintiff's *potential*, *future* financial obligations. (ECF No. 40 p.2.) Plaintiff states that he has $223,000 in a retirement fund. (*Id*.) He urges this Court, however, to subtract certain potential liabilities when calculating the value of this retirement fund. (*Id*.) As a result of these calculations, plaintiff concludes that the value of the retirement fund is negative. (*Id*.) Plaintiff concludes this by subtracting the following: (1) $135,000, which amount plaintiff "may again owe lawyer … for past billing"; (2) $60,000, which plaintiff has "earmarked" to hire new attorneys; (3) $30,000,

---

[1] As confirmation that plaintiff intended this, plaintiff refers to his letter at ECF No. 40 as the "fourth application." (ECF No. 40 p.3.)

which plaintiff may use "if forced to liquidate retirement funds to pay taxes, commissions etc."; (4) $10,000, which plaintiff may use "if forced to hire a Federal Bankruptcy lawyer. (*Id.*) Plaintiff concludes that as a result of these deductions, he has a deficit of $12,000. (*Id.*) These calculations, while correct, are not an accurate report of plaintiff's financial status for purposes of IFP status.

   3.   "The *in forma pauperis* statute, 28 U.S.C. §1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (internal quotation marks and citation omitted). Whether to grant or deny an application to proceed IFP is committed to the discretion of the district court. *See, e.g.*, *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010). The plaintiff bears the burden of proving his entitlement to IFP status. *See Pew v. Extraction Team Members*, No. 16–00091, 2016 WL 2958767, at *1 (W.D. Pa. Apr. 25, 2016), *report and recommendation adopted*, 2016 WL 2977303 (W.D. Pa. May 20, 2016).

   4.   "In determining whether a litigant is eligible for IFP status, the Court may consider [his] income, expenses, and assets, including the value of [his] property, such as cars and houses." *Yachimiak v. Comm'r of Soc. Sec.*, No. 17–07479, 2018 U.S. Dist. LEXIS 50737 at *1 (D.N.J. Mar. 26, 2018). While the plaintiff does not need to prove that he is "absolutely destitute" to be eligible for the benefits of the in forma pauperis statute, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), courts typically deny IFP applications if paying the filing fees would not deprive plaintiff of the "necessities of life." *Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 124 (3d Cir. 2013) (citation omitted).

   5.   "When exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous ... to ensure that the treasury is not unduly imposed upon.'" *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (*per curiam*) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) (alteration in original)). The decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner. *See In re Womack*, 450 F. App'x 159, 160 (3d Cir. 2011).

   6.   Plaintiff's calculations concluding that his $223,000 in retirement funds equate to a "negative economic value" are forward looking and contingent rather than an accurate depiction of plaintiff's assets and liabilities as they currently exist. Plaintiff, for example, explains that he has "earmarked" $60,000 to "hire new attorneys law firm for" this lawsuit. (ECF No. 41 p.2.) Therefore, the possibility that plaintiff will pay $60,000 to hire new attorneys is not a present liability but, instead, an estimate of a *potential* future liability.

2

Moreover, plaintiff's "earmark[ing]" of these funds illustrates that plaintiff is not entitled to proceed IFP because he has budgeted tens of thousands of dollars to pay for counsel. I find that plaintiff is not entitled to proceed IFP.

**IT IS** on this **20th** day of **September 2024 ORDERED** that:

1. Plaintiff's fourth application to proceed IFP (ECF Nos. 40, 41) is **DENIED** with prejudice.

2. The Clerk of the Court shall send a copy of this Order to plaintiff by regular mail.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**