[ECF No. 20]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ARTHUR BORNSTEIN,<br><br>              Plaintiff,<br><br>  v.<br><br>MCMASTER-CARR SUPPLY COMPANY,<br><br>              Defendant. | Civil No. 23-2849 (ESK/EAP) |

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Defendant McMaster-Carr Supply Company's Motion for a More Definite Statement. ECF No. 20 ("Def.'s Mot."). Plaintiff *pro se* Arthur Bornstein opposes the motion. ECF No. 22 ("Pl.'s Opp."). Defendant filed a reply brief. ECF No. 23 ("Def.'s Reply"). The Court exercises its discretion to decide Defendant's motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons discussed below, Defendant's motion is **GRANTED**.

**FACTUAL BACKGROUND**

      Plaintiff Arthur Bornstein filed this lawsuit against one Defendant—McMaster-Carr Supply Company ("McMaster-Carr")—but his allegations in the Complaint are varied and wide-reaching and concern the allegedly unlawful conduct of others. Plaintiff demands $2.13 million that Defendant and other unnamed parties allegedly owe him for violations of the Employee Retirement Income Security Act ("ERISA"), attorney malpractice, conspiracy to defraud, failure

to respond to a subpoena, commingling of monies, grand larceny, and obstruction of justice.[1] *See* ECF No. 1, Complaint ("Compl.") at 8-14.[2]

As best the Court can discern, Plaintiff alleges that in 2011, Defendant improperly released $700,000 from Plaintiff's ex-wife's retirement fund to her without notice to Plaintiff. *See id.* at 5-6, 10. Plaintiff claims that he was entitled to some of the money in the fund under a Qualified Domestic Relations Order. *See id.* at 5. Plaintiff further alleges that the release of these funds violated ERISA, but he does not specify which section of the statute. *See id.* Many of the factual allegations in Plaintiff's Complaint involve Plaintiff's ex-wife, Plaintiff's past attorneys, and various judges who handled related matters. *See id.* at 7 (alleging that "the actions of McMaster-Carr and [Plaintiff's] ex-wife carried over to affect [his] legal team, and then the Judges protected the lawyers and Judges protected the other previous Judges which created a conspiracy to defraud [him]"). Plaintiff further alleges that his former lawyer, Bonnie Frost, Esquire, made Plaintiff sign a nondisclosure agreement, which created an "intentional obstruction of justice" to deceive him. *Id.* at 8. In addition, Plaintiff claims that Defendant and his ex-wife robbed him of collecting a "$426,000 judgement [sic]" entered in 2022, but Plaintiff does not explain how they prevented him from collecting. *See id.* at 10. Plaintiff further alleges that his ex-wife and her son stole money that he was owed from their condominium property, as well as money from his ex-wife's jewelry to which he was allegedly entitled. *See id.* at 11. Finally, attached to the Complaint is a nineteen-page "brief" to "Phillip Sellinger and Federal Investigative intake team of the US District

---

[1] The Court notes that when pleading a fraud claim, a plaintiff must provide particularized facts that "'place defendants on notice of the precise misconduct with which they are charged.'" *Argabright v. Rheem Mfg. Co.*, 258 F. Supp. 3d 470, 476 (D.N.J. 2017) (quotation omitted); *see also* Fed. R. Civ. P. 9(b).

[2] For clarity, the Court cites to the Complaint's ECF document page numbers.

Court, New Jersey District" that rehashes most of the same allegations in the Complaint. See ECF No. 1-4.

## PROCEDURAL HISTORY

On May 23, 2024, Plaintiff filed his Complaint against Defendant in this matter, along with an application to proceed *in forma pauperis*. *See* Compl. The next day, Plaintiff filed a motion to appoint *pro bono* counsel. *See* ECF No. 4.[3] On July 6, 2023, the Court denied Plaintiff's application to proceed *in forma pauperis* without prejudice[4] and administratively terminated the case. *See* ECF No. 10. On July 7, 2023, Plaintiff paid the filing fee, and the Court reopened the case. *See* Dkt. Sheet. The Court briefly administratively terminated the case again while Plaintiff underwent surgery. *See* ECF Nos. 14, 16. At Plaintiff's request, the Court reopened the matter on December 8, 2023, and ordered Defendant to respond to the Complaint no later than January 19, 2024. *See* ECF No. 18.

On January 19, 2024, Defendant filed the present Motion for a More Definite Statement. Def.'s Mot. Plaintiff filed a brief in opposition to the motion on January 22, 2024. Pl.'s Opp. On February 13, 2024, Defendant filed a reply brief. Def.'s Reply. Having been fully briefed, this motion is now ripe for disposition.

## DISCUSSION

Under Federal Rule of Civil Procedure Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "The core concern of a motion

---

[3] On April 8, 2024, the Court denied this motion without prejudice because Plaintiff is not indigent. *See* ECF No. 30.
[4] After the filing of the present motion, Plaintiff filed a second and third application to proceed *in forma pauperis*, *see* ECF Nos. 31, 35, which the Court denied without prejudice, *see* ECF Nos. 34, 37.

under Rule 12(e) is whether the Complaint gives a defendant the notice required by Federal Rule of Civil Procedure 8." *Legette v. Tex. Roadhouse, Inc.*, No. 23-22622, 2024 WL 64779, at *1 (D.N.J. Jan. 5, 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 590 n.9 (2007) (Stevens, J., dissenting) ("The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement.")). The decision to grant a Rule 12(e) motion is generally left to the court's discretion. *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003).

When reviewing a Rule 12(e) motion, the Court must consider whether "the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Id.* at 232-33 (cleaned up) (quoting *Sun Co. v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 368 (E.D. Pa. 1996)); *see Baker v. N.J. Transit Corp.*, No. 10-2954, 2013 WL 4537529, at *2 (D.N.J. Aug. 27, 2013) (granting 12(e) motion where the complaint "lack[ed] clarity and factual support"). "'The basis for granting such a motion is unintelligibility, not lack of detail.'" *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (quotation omitted). "Additionally, in cases involving *pro se* litigants, the Court has the added constraint that it must construe submissions by *pro se* plaintiffs broadly." *Baker*, 2013 WL 4537529, at *2 (citation omitted).

Here, Defendant argues that "[i]n order for McMaster-Carr reasonably to respond to the Complaint's allegations, it must understand specifically what McMaster-Carr (and not other actors) is alleged to have done wrong, when McMaster-Carr's alleged wrongdoing occurred, and whether and how Plaintiff's asserted damages are connected to alleged wrongdoing of McMaster-Carr." Def.'s Mot. at 4-5. First, Defendant argues that the Complaint fails to identify Plaintiff's legal claims. *Id.* at 5. Second, Defendant argues that the Complaint fails to establish ERISA

standing and subject matter jurisdiction. *Id.* at 6-7. Third, Defendant calls the Court's attention the "brief" attached to the Complaint and represents that it "does not know whether it should address that brief in a responsive pleading, as it is unclear whether it is to be considered part of Plaintiff's Complaint against McMaster-Carr." *Id.* at 7. Fourth, Defendant notes that the Complaint lacks numbered paragraphs, as required by Federal Rule of Civil Procedure 10(b).[5] Defendant requests that Plaintiff revise his Complaint so it would:

> i. state, clearly and concisely, what specific actions McMaster-Carr—and not others—is alleged to have taken that Plaintiff claims were wrongful;
> ii. specify when McMaster-Carr's allegedly wrongful actions occurred;
> iii. make clear what legal claims Plaintiff pursues against McMaster-Carr;
> iv. if McMaster-Carr is alleged to have committed any kind of fraud, include particular allegations describing each fraudulent act and specifying who committed each fraudulent act, when each act occurred, and any other details;
> v. include factual allegations supporting that Plaintiff may pursue recovery against McMaster-Carr in this Court and at this time;
> vi. explain the import and relevance of the "brief" attached to the Complaint, why it is attached, and whether and how McMaster-Carr is expected to respond; and
> vii. include numbered paragraphs.

*Id.* at 7-8.

Plaintiff responds that Defendant's motion is "unnecessary" and "redundant." Pl.'s Opp. at 1. He devotes most of his brief to arguments in support of his motion for *pro bono* counsel and recounting the alleged wrongdoing of his ex-wife and former attorneys. *See id.* at 1-8. Plaintiff references "75 tabs" of legal documents in his possession that presumably support his claims but given the desultory nature of the Complaint, the Court cannot be sure. *Id.* at 2-3.

---

[5] Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Having considered the parties' submissions, and having reviewed Plaintiff's Complaint, the Court finds that a more definite statement is warranted. In so holding, the Court finds *Scott v. Rowan Cnty. Dep't of Soc. Servs.*, No. 06-6083, 2007 WL 2688887, at *1-2 (D.N.J. Sept. 12, 2007) instructive. In *Scott*, the Court granted the defendant's Rule 12(e) motion, noting that (1) the specific causes of action plead were unclear; (2) the relationship between the parties was unclear; and (3) references to a state court case raised questions about the court's jurisdiction. *Id.* These same deficiencies are present here.

First, Plaintiff alleges that Defendant violated ERISA by releasing Plaintiff's ex-wife's retirement funds to her. *See id.* at 5. However, aside from making the conclusory statement that there was an ERISA violation, Plaintiff fails to plead specific facts identifying Defendant's actions that allegedly violated this Act. Moreover, the information that Plaintiff does provide in the Complaint is indecipherable and fails to put Defendant on notice of the claims it would have to defend. The general allegation of an ERISA violation in the Complaint is "so vague [and] ambiguous" that Defendant would not be able to form a meaningful response. *See* Fed. R. Civ. P. 12(e). Therefore, a more definite statement is needed on this claim. Defendants are requesting no more than what Rule 8 already requires: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That standard requires that the Complaint to provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, the only defendant named in this case is McMaster-Carr, but Plaintiff's Complaint makes many allegations against Plaintiff's ex-wife, ex-wife's son, several of his former lawyers, and various judges that seemingly bear no connection to any alleged wrongdoings of Defendant.

*See* Compl. at 7, 12-13.  It is unclear if Plaintiff's additional claims of fraud, commingling money, obstruction of justice, and grand larceny involve Defendant at all or if they are directed at nonparties.  To be sure, Plaintiff does not make a clear connection between the Defendant and these claims.  Because these allegations fail to provide Defendant notice of whether any of these additional claims are being brought against it, a more definite statement is necessary.

Finally, Plaintiff's Complaint includes many references to divorce proceedings or other state court proceedings, over which this Court presumably would lack jurisdiction.  Without a clear connection to Defendant, the purpose of these allegations are unclear to the Court.

For these reasons, the Court concludes that Plaintiff's Complaint is "so vague or ambiguous" that McMaster-Carr "cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Clark*, 213 F.R.D. at 233 (alteration in original)(cleaned up).  Accordingly, Defendant's Motion for a More Definite Statement is granted.

## CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS** this **19th** day of **September 2024**;

**ORDERED** that Defendant's Motion for a More Definite Statement, ECF No. 20, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file an amended complaint within 30 days of the date this Order is filed that:

1. sets forth a short and plain statement of the grounds upon which this Court may exercise jurisdiction over this case;

2. sets forth a short and plain statement of his claims showing that he is entitled to relief from the named Defendant McMaster-Carr Supply Company; and

7

3. sets forth his allegations in numbered paragraphs, as required by Federal Rule of Civil Procedure 10(b); and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Memorandum Opinion and Order to Plaintiff via regular mail and shall enter a notation on the docket indicating the date upon which it was mailed to Plaintiff.

s/Elizabeth A. Pascal  
ELIZABETH A. PASCAL  
United States Magistrate Judge

cc: Hon. Edward S. Kiel, U.S.D.J.